UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN MCCORMACK,

        Plaintiff,

                                            Case Number 15-12471
v.                                          Honorable David M. Lawson

SCOTTSDALE INSURANCE COMPANY,

        Defendant.
_____/

**OPINION AND ORDER REMANDING CASE TO STATE COURT**

This case comes to the Court in an unusual posture. The plaintiff, Jonathan McCormack has alleged in a lawsuit filed in the Lapeer County, Michigan circuit court that he was injured by employees of Fat Boys Bar & Grill. The Bar apparently had in effect a Comprehensive General Liability Insurance Policy (CGL policy) from Scottsdale Insurance Company. It appears that there may be a dispute over the extent of insurance coverage that might attach to the incident in which McCormack was allegedly injured. So McCormack filed a second action in Lapeer County seeking a declaratory judgment against Scottsdale that the larger of two possible coverage limits ($300,000 versus $25,000) applies to his underlying tort case. However, McCormick did not join the Bar as a defendant in the declaratory judgment action. And because the citizenship of the only parties to the declaratory judgment action is diverse, Scottsdale was able to remove that case to this Court under 28 U.S.C. §§ 1441 and 1332(a)(1). It also filed a motion to dismiss.

Because the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention, *see Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004), the Court ordered the parties to show cause why the

Court should not decline jurisdiction and remand the case to the state court, where the underlying tort case is pending. McCormick responded that he has no objection to a remand. Scottsdale responded by acknowledging that ordinarily the applicable factors might favor abstention, but here the Court should exercise jurisdiction because it would be efficient to dismiss the plaintiff's declaratory judgment action now rather than having the state court do it on remand.

However, the Sixth Circuit has "repeatedly held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" *Bituminous Cas.*, 373 F.3d at 812-13 (quoting *Manley*, 791 F.2d at 463); *see also AM South Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004) (citing 10B Wright, Miller & Mary Kay Kane § 2765 at 638 (3d ed. 1998) ("[I]t is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of nonliability.")). However, "[t]hat is not to say that there is a per se rule against exercising jurisdiction in actions involving insurance coverage questions." *Bituminous Cas.*, 373 F.3d at 812-13. Instead, several factors have been articulated by the Sixth Circuit to be considered by a district court faced with a complaint seeking relief under the declaratory judgment act:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. RR. Co. v. Consol Rail Co.,* 746 F.2d 323, 326 (6th Cir. 1984); *see also Bituminous Cas.*, 373 F.3d at 814-15; *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

A. Settling the controversy

In *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008), the Sixth Circuit noted that a district court may consider exercising jurisdiction under the Declaratory Judgment Act when it can conclusively resolve a coverage dispute. This factor may favor exercising jurisdiction, for example, when the plaintiff insurer is not a party to the state litigation or there is a legal, and not a factual, dispute in federal court. *Ibid.* It is difficult to see, however, how a coverage dispute can be resolved when the insured is not a party to the case. The question in this action, after all, is how an insurance contract should be interpreted. When one of the contracting parties is absent, the dispute is one-sided. All of the contracting parties should be present if the matter is to be resolved conclusively. *See Hudson v. Vill. of Homer*, 351 Mich. 73, 85, 87 N.W.2d 72, 78 (1957) (noting that "[i]t is in order, and in fact was the essential purpose of the declaratory judgment statute, that all parties having an apparent or possible interest in the subject matter be joined so that all be guided and concluded by such judgment or decree as may be entered"). This factor favors abstention.

B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Ibid.*; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal relationship between the insurer and the insured pursuant to the insurance contracts, the judgment would not clarify the legal relationship between the parties in the underlying state action" (alterations and quotations omitted); *Bituminous Cas.*, 373 F.3d at 814.

Once again, there can be no sensible resolution of the legal relationships between an insured and an insurer when both parties are not properly before the Court. It is conceivable that if the insured had notice of this action, it might be bound by a judgment unfavorable to it. For instance, under Michigan's rather unusual rules of collateral estoppel, an injured person who has knowledge of a declaratory judgment action against his tortfeasor but does not intervene nonetheless is bound by the judgment. *See Wilcox v. Sealey,* 132 Mich. App. 38, 346 N.W.2d 889 (1984). Under those rules, this Court's determination of coverage limits in this case might affect the Bar's rights under the policy, even in its absence. But that result is not inevitable. *See Ward v. Detroit Auto. Inter Ins. Exch.*, 115 Mich. App. 30, 320 N.W.2d 280 (1982). It is enough to say that proceeding with the case in its present posture would complicate, not clarify, the legal relationships of the parties. That is why resolving the coverage question in the absence of persons who might be bound by the judgment is disfavored. *See Westfield Insurance Corp. v. Mainstream Capital Corp.*, 366 F. Supp. 2d 519, 522 (E.D. Mich. 2005).

## C. Procedural fencing

Federal courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files his declaratory judgment claim after the state proceeding has begun generally does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. "A district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress.'" *Flowers*, 513 F.3d at 558 (quoting *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n. 1 (6th Cir. 1986)).

Here, however, the plaintiff brought the declaratory judgment action and failed to join one of the parties to the contract: the insured Bar. The defendant insurer then removed the case to this Court. If the Bar or any of its employees were joined in the declaratory judgment action, there likely would be no complete diversity, and the case would not have been removable. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (holding that a federal court has jurisdiction under 28 U.S.C. § 1332 only if there is "complete diversity between all plaintiffs and all defendants" (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806)). If the Bar were joined in the present case, as it should be, the case would be remanded. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). It is not clear why Scottsdale removed this case, which obviously lacked all the necessary parties. If it was to seek a dismissal on that basis, then procedural fencing is the most likely explanation. This factor, therefore, favors declining jurisdiction.

### D. Friction between federal and state courts

"'[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction.'" *Flowers*, 513 F.3d at 560 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987)). The Sixth Circuit announced three sub-factors to consider when weighing friction between federal and state courts:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous*, 373 F.3d at 814-15 (quoting *Roumph*, 211 F.3d at 968).

The first subfactor favors abstention when the action involves resolution of factual issues being considered by the state court. *Flowers*, 513 F.3d at 561. The second sub-factor favors abstention when issues of unsettled state law are implicated. *See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561.

All three factors weigh in favor of abstention here, which effectively would result in a remand to state court. The plaintiff asks this Court to interpret a CGL policy in the absence of the insured party. As noted in *Flowers*, insurance contracts are intertwined with state policy. *Ibid*. Proceeding in such a fashion leaves the Court with an incomplete picture of the facts of the underlying tort case. Determining the facts without the input of all the necessary parties is unwise and could lead to a decision that conflicts with the state court determination made after allowing all parties a full hearing.

### E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). In fact, in this case, the plaintiff brought the declaratory action in state court. This case is only before this Court because the defendant removed it. This factor also favors abstention.

* * * * * * * * *

The Court believes that the *Grand Trunk* factors decidedly favor abstention. Moreover, the absence of the insured as a party to this case discourages proceeding further with adjudication. The

better course in this case is to remand the matter to the state court where the underlying tort case is pending, so that same court can resolve insurance coverage questions with all necessary parties present and a complete record can be made.

Accordingly, it is **ORDERED** that the case is **REMANDED** to the Lapeer County, Michigan circuit court.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: September 10, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2015.

                                      s/Susan Pinkowski
                                      SUSAN PINKOWSKI